UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Civil Action Number:**

JESUS GONZALEZ

    Plaintiff,

vs.

THE ODP CORPORATION
d/b/a OFFICE DEPOT #281, and
RAJEN PROPERTIES, LLC

    Defendants.

_____/

**COMPLAINT FOR INJUNCTIVE RELIEF**

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant The ODP Corporation doing business as Office Depot #281 located at 2690 SW 22 Street (aka 2205 SW 27th Avenue) and Defendant Rajen Properties, LLC for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

**JURISDICTION**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

1

3. Defendants are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

## PARTIES

4. Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff suffers from what constitutes a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).

5. Defendant The ODP Corporation (also referenced as "Defendant ODP Corp," "tenant," "operator," "lessee" or "co-Defendant") is a Delaware corporation doing business in in Florida. The ODP Corporation[1] is a publicly traded NASDAQ company on the S&P 600 component which owns and operates Office Depot, Office Max, and Grand & Toy brand office supply retail store chains. The ODP Corporation operates 1,400 branded retail stores, e-commerce sites and a business-to-business sales organization.

6. Defendant Rajen Properties, LLC (also referenced as "Defendant Rajen Properties," "Lessor," "Owner," or "co-Defendant") is the owner of real property located at 2690 SW 22 Street, Miami, Florida 33133, identified as Folio 01-4115-073-0050, which is a commercial property built out as a strip mall.

## FACTS

7. At all times material hereto, Defendant Rajen Properties has leased a portion of its commercial property to co-Defendant ODP Corp (the lessee). The lessee in turn has operated its Office Depot #281 located at 2690 SW 22 Street (aka 2205 SW 27th Avenue) within that leased space.

---

[1] The ODP Corporation - Wikipedia

8. Office Depot stores sell office supplies, office equipment and electronics. Office Depot stores, including the 2690 SW 22 Street location, are places of public accommodation pursuant to 42 U.S.C. §12181(7)(E). The Office Depot #281 located at 2690 SW 22 Street which is the subject of this complaint is also referenced as a "Office Depot #281," "office supply store," "store," or "place of public accommodation."

9. At all times material hereto, Defendant ODP Corp was (and is) a company owning and operating office supply stores under the "Office Depot" brand which are open to the public. Each of the Defendant's office supply stores (including the Office Depot #281 located at 2690 SW 22 Street) is a place of public accommodation subject to the requirements of Title III of the ADA and its implementing regulation; 42 U.S.C. §12182, §12181(7)(E) and 28 C.F.R. §36.104(5).

10. As the operator of office supply stores which are open to the public, Defendant ODP Corp is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates a pharmacy; 42 U.S.C. §12182, §12181(7)(E); 28 C.F.R. §36.104(5).

11. Due to the close proximity to Plaintiff's home to the Office Depot #281 store located at 2690 SW 22 Street, on April 24, 2021 Plaintiff went to that store with the intent of purchasing office supplies.

12. While Plaintiff was shopping at this particular office supply store, he encountered many barriers to access and met multiple areas of inaccessibility due to the fact that he perambulates with the assistance of a wheelchair.

13. On arrival at the Office Depot #281, Plaintiff had difficulty exiting his vehicle as the designated accessible parking spaces are located on an excessive slope, and

had further difficulty accessing the store due to the uneven surface of the pavement and non-compliant ramp. Furthermore, when Plaintiff began shopping inside the facility and required use of the restroom, he encountered areas of inaccessibility within the restroom facilities. As such, Plaintiff has been denied full and equal access by the operator/lessee of the Office Depot #281 (Defendant ODP Corp) and by the owner/lessor of the commercial property which houses the pharmacy (Defendant Rajen Properties).

14. Due to being denied full and equal access to Office Depot #281, Plaintiff left the store feeling excluded, humiliated and dejected.

15. By virtue of the fact that Defendant ODP Corp is the owner and operator of 1,400 office supply retail stores, Defendant ODP Corp is well aware of the ADA and the need to provide for equal access in all areas of its stores. Therefore, its failure to reasonably accommodate mobility impaired and disabled patrons by insuring that its Office Depot #281 store is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.303.

16. As the owner of commercial real property which is operated as an office supply store which is open to the public, Defendant Rajen Properties, LLC is also a "Public Accommodation" pursuant to 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104(5). On information and belief, as an investor and owner of a large commercial property being used as a public accommodation, Defendant Rajen Properties, LLC is aware of the ADA and the need to provide for equal access in all areas of its commercial properties which are open to the public.

17. As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

18. Plaintiff continues to desire to patronize Defendant ODP Corp's Office Depot #281, but continues to be injured in that he continues to be discriminated against due to the barriers to access within that place of public accommodation, all which are in violation of the ADA.

19. Any and all requisite notice has been provided.

20. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from the Defendant pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

21. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Since 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

22. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

23. Prior to the filing of this lawsuit, Plaintiff personally visited Office Depot #281, however Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met architectural barriers which impeded his independent access to the place of public accommodation. Therefore, Plaintiff has suffered an injury in fact.

24. Defendant ODP Corp (lessee/operator of Office Depot #281) and Defendant Rajen Properties (owner/lessor) have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the pharmacy, in derogation of 42 U.S.C. §12101 *et. seq.*, and as prohibited by 42 U.S.C. §12182 *et. seq.* by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

25. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the Office Depot #281.

26. Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. Defendants have jointly and severally discriminated against Plaintiff, a disabled patron, in derogation of 28 C.F.R. Part 36.

27. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under

which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

28.     The commercial space which is owned by Defendant Rajen Properties (owner/lessor) which houses the Office Depot #281 is operated by Defendant ODP Corp (tenant/lessee). This commercial space is in violation of 42 U.S.C. §12181 *et. seq.,* the ADA and 28 C.F.R. §36.302 *et. seq.,* and both the owner/lessor and the tenant/lessee are discriminating against the Plaintiff as a result of <u>inter alia</u>, the following specific violations:

  i.   As to Defendant ODP Corp (lessee/operator) and Defendant Rajen Properties (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty exiting his vehicle, as the designated accessible parking spaces are located on an excessive slope. This is in violation of Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards for Accessible Design.

  ii.  As to Defendant ODP Corp (lessee/operator) and Defendant Rajen Properties (owner/lessor of the property) (jointly and severally), failure to provide accessible means of egress from the parking to the office supply store as the designated accessible parking space has a curb ramp encroaching over the access aisles. The built-up curb ramp encroaches over access aisle is a violation of Section 4.7.6 of the ADAAG and Section 406.5 of the 2010 ADA Standards for Accessible Design.

  iii. As to Defendant ODP Corp (lessee/operator) and Defendant Rajen Properties (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty traveling between buildings as the sidewalk does not have a curb ramp on one side. This is a violation, as the sidewalk does not have a curb ramp where an accessible

    route crosses a curb; see Sections 4.3.8 and 4.7.1 of the ADAAG and Sections 403.4 and 406.1 of the 2010 ADA Standards for Accessible Design.

 iv. As to Defendant ODP Corp (lessee/operator) and Defendant Rajen Properties (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty using the ramp towards the office supply store as the handrails on the ramp leading to the store are mounted over a sloped surface and not a level landing, violating Section 4.8.5 of the ADAAG and Section 505.10.1 the 2010 ADA Standards for Accessible Design.

 v. As to Defendant ODP Corp (lessee/operator) and Defendant Rajen Properties (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty using the ramp leading towards the office supply store as the bottom landing of the ramp has a non-compliant surface slope violating Section 4.8.4 of the ADAAG and Section 405.7.1 the 2010 ADA Standards for Accessible Design.

 vi. As to Defendant ODP Corp (lessee/operator) and Defendant Rajen Properties (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty using the accessible toilet compartment as the pull side of the stall door does not provide the required maneuvering clearance, which is in violation of Section 4.13.6 of the ADAAG and Sections 404.2.4 of the 2010 ADA Standards for Accessible Design.

 vii. As to Defendant ODP Corp (lessee/operator) and Defendant Rajen Properties (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty locking the stall door as the locking hardware is non-compliant. The violation consists of the Defendant's failure to provide a bathroom toilet compartment with a lock that can be opened and closed with a closed fist, which is in violation of 28 C.F.R. Part 36, and

        ADA/ABA Design Compliance Code §404.2.7 which states that door hardware must be operable with a closed fist or a loose grip, and is also in violation of Sections 4.27.4 of the ADAAG, Sections 309.4 of the 2010 ADA Standards for Accessible Design and Section 28 CFR 36.211.

viii.    As to Defendant ODP Corp (lessee/operator) and Defendant Rajen Properties (owner/lessor of the property) (jointly and severally), Plaintiff could not use the lavatory inside the stall without assistance, as that lavatory sink does not provide knee clearance. The lavatory does not provide the required knee clearance above the finished floor to bottom leading edge of fixture at 8" horizontal projection. This is a violation of Section 4.19.2 of the ADAAG and Section 606.2 of the 2010 ADA Standards for Accessible Design.

ix.    As to Defendant ODP Corp (lessee/operator) and Defendant Rajen Properties (owner/lessor of the property) (jointly and severally), Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes and water supply lines (inside the stall) are not completely wrapped, which is in violation of Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards for Accessible Design, because the lavatory pipes are not fully wrapped or maintained.

x.    As to Defendant ODP Corp (lessee/operator) and Defendant Rajen Properties (owner/lessor of the property) (jointly and severally), Plaintiff could not use the lavatory outside the stall without assistance, as that lavatory sink does not provide knee clearance. The lavatory does not provide the required knee clearance above the finished floor to bottom leading edge of fixture at 8" horizontal projection. This is a

        violation of Section 4.19.2 of the ADAAG and Section 606.2 of the 2010 ADA Standards for Accessible Design.

  xi.    As to Defendant ODP Corp (lessee/operator) and Defendant Rajen Properties (owner/lessor of the property) (jointly and severally), Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes and water supply lines (outside the stall) are not completely wrapped, which is in violation of Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards for Accessible Design.

  xii.    As to Defendant ODP Corp (lessee/operator), Plaintiff could not transfer to the toilet without assistance, as the required clear floor space was not provided due to an encroaching item (which was the trash/rubbish bin). The violation is that the trash/rubbish bin is encroaching over the accessible water closet clear floor space, in violation of Section 4.16.2 of the ADAAG and Sections 604.3.1 of the 2010 ADA Standards for Accessible Design.

    29.    Pursuant to 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, the Defendants are required to make the Office Depot #281 commercial space accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally failed to comply with this mandate.

    30.    Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the commercial property and the pharmacy therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

    **WHEREFORE,** Plaintiff Jesus Gonzalez hereby demands judgment against the Defendant Rajen Properties, LLC (owner and lessor of the commercial property) and

Defendant The ODP Corporation (lessee and operator of the Office Depot #281) and requests the following relief:

    a)       The Court declare that Defendants have violated the ADA;

    b)       The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

    d)       The Court enter an Order requiring Defendants to alter the commercial property and the Office Depot #281 and the parking area and pathway to the Office Depot #281 such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

    e)       The Court award reasonable costs and attorneys fees; and

    f)       The Court award any and all other relief that may be necessary and appropriate.

Dated this 11th day of May, 2021.

                              Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone: 305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*